UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD DIFRANCO,

Plaintiff,

v.

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

Defendant.

CASE No. 8:12-CV-1978-T-TGW

## O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2]  Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff is not disabled, the Commissioner's decision will be reversed, and the matter remanded for further proceedings.

---

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 16).

I.

The plaintiff, who was thirty-three years old at the time of the administrative hearing and who has an eighth grade education (Tr. 33, 34), has worked as a shipping/receiving/delivery clerk, material handler, and prep cook (Tr. 167-68). He filed a claim for Social Security disability benefits, alleging that he became disabled due to herniated discs in his back and neck, and bulging discs (Tr. 156). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of herniated disks, right shoulder impingement, hypertension, obesity, and affective disorder (Tr. 16). He determined that these impairments limited the plaintiff to a restricted range of light work (Tr. 18). Specifically, he found (id.):

> [The plaintiff] can lift/carry 20 pounds occasionally, 10 pounds frequently. He can sit 6 hours in an 8 hour workday; and stand/walk for 6 hours in an eight-hour workday. The claimant can frequently balance but should never climb ladders, ropes or scaffolds. He can occasionally climb ramps/stairs, stoop, kneel, crouch, crawl, and reach

overhead with his right upper extremity. Moreover, the claimant can frequently interact with peers, coworkers, and supervisors; and deal with changes in a routine work setting. He can maintain attention and concentration for two hours but would require a 15 minute break thereafter. Finally, the claimant is limited to simple, repetitive, routine, unskilled tasks.

The law judge concluded that these limitations prevented the plaintiff from returning to past work (Tr. 21). However, the law judge found, based upon the plaintiff's residual functional capacity, age, education, and work experience, that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (Tr. 22). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 1-5).[3]

II.

A. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than

---

[3]The plaintiff submitted to the Appeals Council additional evidence. The Appeals Council considered that additional evidence, but found that the "information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 2). The plaintiff does not challenge that determination.

twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled.  However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met.  Lamb v.

Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B.  The administrative law judge decided the plaintiff's claim

under regulations designed to incorporate vocational factors into the

determination of disability claims.  See 20 C.F.R. 404.1569.  Those

regulations apply in cases where an individual's medical condition is severe

enough to prevent him from returning to his former employment, but may not

be severe enough to prevent him from engaging in other substantial gainful

activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569a. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

The plaintiff asserts initially that the Commissioner erred by: (1) failing to develop the record fully and adequately, (2) relying upon insubstantial evidence to reach a determination, and (3) failing to show adequately that proper legal principles and standards had been followed (Doc. 23, p. 2). However, the only specific contention raised by the plaintiff (and which subsumes all three general errors asserted above) is that the law judge should have obtained the opinion of a vocational expert to determine whether there was work in the national economy that the plaintiff could perform,

instead of relying upon the guidelines (id., pp. 7-9).[4]  That contention is meritorious and warrants a remand of this case.

The law judge indicated that the plaintiff could perform light work with several postural and mental limitations (Tr. 18).  The plaintiff, citing to several Eleventh Circuit decisions, argues that, because his "non-exertional impairment[s] prevented him from doing unlimited types of [light] work, the ALJ erred in not obtaining expert vocational evidence" (Doc. 23, pp. 9, 8).  The plaintiff is essentially correct.[5]

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills."  Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985).  In this case, the law judge's findings reflect several nonexertional impairments.  Most significantly, the law judge

---

[4]In accordance with the Scheduling Order, all other potential arguments are forfeited (Doc. 15).

[5]The law judge conducted the hearing in St. Petersburg by video telephone from Kentucky (Tr. 30).  Because he is from Kentucky, he apparently was not aware of the Eleventh Circuit's requirements regarding vocational experts.  Notably, the law judges from this area, with one exception, almost always have a vocational expert at a hearing and use them even when the issue just concerns prior work.

found that the plaintiff has a severe mental impairment of affective disorder (Tr. 16). This means, under the regulations, that the plaintiff's affective disorder significantly limits his mental ability to do basic work activities. 20 C.F.R. 404.1521(a). Accordingly, the foregoing frequently quoted principle from Francis v. Heckler is itself sufficient to demonstrate that the finding of a severe mental impairment, by definition, precludes exclusive reliance on the grids.

Other Eleventh Circuit decisions also establish that, in light of the plaintiff's nonexertional limitations, the law judge could not rely upon the grids, but was required to employ a vocational expert. In Allen v. Sullivan, 880 F.2d 1200 (11th Cir. 1989), a case cited by the plaintiff, a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. Id. at 1201. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do <u>unlimited</u> types of light work, ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in <u>Marbury</u> v. <u>Sullivan</u>, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. <u>Id</u>. at 839. He concluded that the claimant could perform a wide range of light work and, therefore, it was unnecessary to call a vocational expert. <u>Id</u>. The court of appeals reversed, citing the foregoing quotation from <u>Ferguson</u> v. <u>Schweiker</u> and <u>Allen</u> v. <u>Sullivan</u>. The court elaborated (<u>id</u>.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. <u>Allen</u>, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial

> evidence unless there is testimony from a
> vocational expert. Id. It was therefore error to rely
> upon the grids. Sryock v. Heckler, 764 F.2d 834,
> 836 (11th Cir. 1985).

The rule that a vocational expert's testimony is necessary to determine

whether a plaintiff's nonexertional limitations preclude him from performing

a wide range of work was reiterated recently in Owens, II v. Commissioner

of Social Security, 508 Fed. Appx. 881, 884 (11th Cir. 2013).

In this case, the law judge determined that the plaintiff "should

never climb ladders, ropes, or scaffolds," and that the plaintiff was limited to

occasionally doing postural movements (Tr. 18). Furthermore, the law judge

found the plaintiff was restricted to jobs that require him to maintain attention

and concentration for no more than two hours, after which he needs a 15-

minute break; and which involve "simple, repetitive, routine unskilled tasks"

and only frequent interaction with peers, co-workers, and supervisors (id.).[6]

He also found that the plaintiff could only reach overhead occasionally with

---

[6]With respect to the plaintiff's deficits in attention and concentration, the
Commissioner asserts that the breaks stated by the law judge in the residual functional
capacity are generally allowed by employers (Doc. 24, p. 7). However, she cites no
evidentiary source for this assertion. It is the type of testimony that could be given by a
vocational expert, but, of course, there was no such testimony here. Accordingly, the
assertion is unsupported.

his right arm (id.).  All of these restrictions are considered nonexertional limitations.  20 C.F.R. 404.1569a(c).  Therefore, the use of the grids was improper and a vocational expert was required.

The Commissioner argues that Phillips v. Barnhart, 357 F.3d 1232, 1243 (11th Cir. 2004), shows that the law judge appropriately used the grids because the law judge determined that the plaintiff's nonexertional limitations did not significantly limit his basic work skills (Doc. 24, pp. 9-10). This contention is unavailing.

In support of this argument, the Commissioner quotes from Phillips v. Barnhart, supra, 357 F.3d at 1243, that, "[i]f the ALJ determines that [the claimant's] nonexertional limitations do not significantly limit h[is] basic work skills at the sedentary work level, then the ALJ may rely on the grids to determine if [the claimant] is disabled."  However, that quotation is simply a restatement of the principle from Francis v. Heckler.  As previously explained, in light of the finding that the plaintiff has a severe mental impairment, i.e., one that significantly limits the ability to do basic work activities, under the quoted language from Phillips, exclusive reliance upon the grids was inappropriate.

Furthermore, the Commissioner cannot get any meaningful support from <u>Phillips</u> in her attempt to obtain affirmance of the law judge's exclusive reliance on the grids. After all, the court of appeals in <u>Phillips</u> reversed the law judge's decision regarding the use of the grids.

Finally, it is noted that the law judge made the conclusory assertion that "unskilled jobs at all levels of exertion constitute the potential occupational base for persons who can meet the mental demands of unskilled work (SSR 85-15)" so that "the additional limitations have little or no effect on the occupational base of unskilled sedentary work" (Tr. 23). This is the type of assertion that was flatly rejected in <u>Marbury</u> and <u>Allen</u>. Moreover, it cannot overcome the finding of a severe mental impairment that, under <u>Francis</u> v. <u>Heckler</u>, precludes reliance on the grids.

Further, while arguably a source of vocational evidence other than a vocational expert may suffice in some circumstances, SSR 85-15 is not one of them. In the first place, it addresses the use of the grids in cases where the claimant has only a nonexertional impairment. Social Security Ruling 85-15, 1985 WL 56857 (S.S.A.). In this case, the plaintiff had

exertional limitations which restricted him to light work. Consequently, SSR 85-15 is inapposite.

In addition, SSR 85-15 is general in nature. If there was something in that Social Security Ruling that the law judge thought supported his conclusion that the plaintiff's mental limitations did not significantly reduce the occupational base, he needed to identify it and to explain it. Otherwise, meaningful judicial review of that determination is not possible.

These problems do not even consider the law judge's failure to take into account the limitation to only occasional overhead reaching with the right arm. That is also a nonexertional limitation.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 20th day of August, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE